## MERCHANTS AND FARMERS BANK *v.* McMULLEN.

The evidence did not authorize the verdict, and the court committed error in refusing a new trial.

Argued November 6, 1908.—Decided May 13, 1909.

Complaint. Before Judge Mitchell. Colquitt superior court. February 8, 1908.

*Stanley S. Bennet, W. A. Covington,* and *J. G. & J. F. McCall,* for plaintiff. *Shipp & Kline* and *Edwin L. Bryan,* for defendant.

HOLDEN, J. The plaintiff, a banking corporation, brought suit against the defendant on a negotiable promissory note for $980.36, principal. The defendant filed a defense wherein she contended, for reasons therein alleged,. that she was not liable on such note; and further contended that prior to the execution of this note she

had given several other notes to the plaintiff for her husband's debt, and had paid the same, and prayed judgment against the plaintiff for the amount thus paid. Upon the trial the jury found a verdict in favor of the defendant for $1,405.82, and to the order of the court overruling the plaintiff's motion for a new trial exceptions were filed.

The following facts appear from the evidence: The defendant gave to the plaintiff a note dated January 1, 1897, for $1,405.82, which she contends was given in settlement of her husband's debt. Other notes were given in renewal of this note, and the amount appearing to be due was finally paid by the defendant. It was for such payments that the defendant sought a recovery against the plaintiff. On January 1, 1897, the plaintiff held a note against John and W. S. McMullen, and the note of the defendant above referred to was given to take up this note. Upon the trial of the case the husband of the defendant testified that the note for $1,405.82 given by his wife, the defendant, to the plaintiff, was given under the following circumstances: "He bought some mules from Mr. Groover, and it fell due, and he sent John and W. S. McMullen to John McCall to get him to pay it for witness, and he paid it and took their notes." It does not appear when the note of John and W. S. McMullen was given to the bank. The testimony would seem to indicate that John McCall was the attorney for and a director of the bank at the time this note was given. The testimony shows that he had no authority, at the time the note of John and W. S. McMullen was given, to make loans for the bank, or to do anything except to draw papers for the bank as its attorney. There is no evidence to show that the official of the bank who advanced the money on the John and W. S. McMullen note knew that the note was being given for the debt of the defendant's husband; and if they did know it, there is no evidence that when the defendant gave her note to the bank, to take up the John and W. S. McMullen note, the bank looked to her husband for the payment of the debt represented by the John and W. S. McMullen note, or that the bank had any right to collect such debt out of him. The defendant's husband says that John McCall looked to him for the debt, but it does not appear to have been owing to McCall, or that McCall had any right to collect the debt out of defendant's husband, nor does it appear that McCall

was in any way liable to the bank by reason of the transaction. Defendant's husband said he did not know to whom the bank looked for payment; but, in the absence of evidence to the contrary, it will be presumed that the bank looked for payment to the parties whose note it held, and to no one else. There was no evidence to authorize the jury to believe that the bank held any claim against the husband of the defendant when she gave her note to the bank to take up the John and W. S. McMullen note held by and payable to the bank. The mere fact that the bank on the notes of John and W. S. McMullen loaned them money to pay the debt of the husband of the defendant would not. of itself authorize the finding that the bank had any right to collect out of the husband the debt represented by the note. There is no evidence that the defendant's husband ever agreed to pay the bank or McCall the money advanced John and W. S. McMullen to pay the husband's debt, or that the bank held the note as collateral security for any debt. The evidence was not sufficient to authorize a recovery by the defendant against the plaintiff for any payments made by her to the plaintiff, on the theory that such payments were made in settlement of her husband's debt. It is unnecessary to discuss the evidence on the other issues in the case. We think it proper, under all of the evidence in the case, that a new trial should be granted; and the judgment of the court overruling the motion for a new trial is     *Reversed. All the Justices concur.*